# UNITED STATES DISTRICT COURT
# SOUTHERN DISTRICT OF OHIO
# WESTERN DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | : | Case No. 1:13-cr-125 |
| vs. | : | Judge Timothy S. Black |
| DONITA SHIELDS, | : | |
| Defendant. | : | |

## ORDER DENYING DEFENDANT'S
## MOTIONS TO DISMISS (Docs. 18, 19)

This criminal case is before the Court on Defendant's motion to dismiss all counts of the Indictment based on duplicity and double jeopardy (Doc. 18) and for improper venue (Doc. 19). The Government filed a memorandum in opposition. (Doc. 20). Defendant did not file a reply memorandum. The motions are now ripe for decision.

## I. BACKGROUND

On November 6, 2013, Defendant Donita Shields, a Missouri resident, was indicted in the Southern District of Ohio on thirteen counts of making false, fictitious, or fraudulent claims to a government agency in violation of 18 U.S.C. § 287 (Counts 1-13) and one count of wire fraud in violation of 18 U.S.C. § 1343 (Count 14). (Doc. 3).

The Indictment includes a nine-paragraph introduction, setting forth the general scheme and conduct upon which the charges are based. (Doc. 3 at ¶¶ 1-9). The introduction states that the Defendant orchestrated a scheme, which involved filing false tax returns for third parties and then claiming the fraudulent refunds. (*Id.* at ¶¶ 2-3). Beginning in approximately 2009 and continuing through at least 2010, Defendant is said

to have solicited individuals to pose as employees of entities associated with her and her family and then created W-2 forms that falsely represented their wages and withholdings. (*Id*. at ¶¶ 3-5). The Defendant allegedly helped these individuals file tax returns at a tax preparation company using the fake W-2 forms, in return for a portion of the tax refund that issued as a result. (*Id.* at ¶ 5). In 2010, the Defendant allegedly began electronically filing false tax returns from her home in Kansas City, Missouri, on behalf of Cincinnati residents. (*Id.* at ¶ 7). The Indictment alleges further that Defendant faxed fictitious documents that purported to verify the wages of an individual posing as her employee, in an effort to obtain a refund that had been stopped by the Internal Revenue Service. (*Id.* at ¶ 8).

The Indictment's nine-paragraph introduction concludes with the allegation that, "[i]n total, this tax scheme involved 95 false returns which claimed $605,405 in fraudulent refunds." (Doc. 3 at ¶ 9). Of these ninety-five returns, the Government specifically chose thirteen to serve as the basis for the false claims charges against the Defendant. (*Id.* at ¶ 11). Accordingly, each of the thirteen selected tax returns corresponds with one of the false claims counts in the Indictment (*i.e.*, Counts 1-13).[1] (*Id.*) Counts 1-13 are set forth in paragraphs ten and eleven of the Indictment, and incorporate paragraphs one through <u>eight</u> by reference. (*Id.* at ¶ 10). Count 14 is set

---

[1] To identify the precise tax return associated with each count, the Indictment includes a chart, which lists Counts 1-13 individually and specifies the precise filing date, taxpayer, refund amount, and employer, for the corresponding tax return. (Doc. 3 at ¶ 11). The Government also represents to this Court that it provided Defendant with copies of the thirteen tax returns at issue. (Doc. 20 at 4).

forth in paragraphs twelve through fourteen of the Indictment, and incorporates paragraphs one through <u>nine</u> by reference. (*Id.* at ¶ 12).

## II. ANALYSIS

Defendant moves for dismissal of all counts of the Indictment for three reasons. <u>First</u>, Defendant argues that each count joins multiple, distinct offenses, rendering the Indictment duplicitous. (Doc. 18 at 2-3). <u>Second</u>, Defendant asserts that by repeatedly incorporating the same offenses in each count, the Indictment violates Double Jeopardy. (*Id.* at 3-4). <u>Third</u>, Defendant argues that venue is improper within the Southern District of Ohio. (Doc. 19).

**A. Duplicity of the Indictment**

Defendant argues that all fourteen counts of the Indictment are duplicitous because the incorporation of paragraph nine effectively "charges at least 95 instances of fraud in each substantive count of false claims and wire fraud." (Doc. 18 at 3). As an initial matter, this assertion is factually incorrect with regard to Counts 1-13, which only incorporates paragraphs one through eight of the Indictment. (Doc. 3 at ¶ 10). Therefore, this argument is applicable only to Count 14.

An indictment is duplicitous if it joins two or more distinct and separate offenses within one count.[2] *United States v. Boyd*, 640 F.3d 657, 665 (6th Cir. 2011) (citing *United States v. Davis*, 306 F.3d 398, 415 (6th Cir. 2002)). A duplicitous indictment raises three primary concerns with regard to a defendant's Fifth and Sixth Amendment

---

[2] Offenses are distinct and separate if they each require proof of a fact that the other does not. *Davis*, 306 F.3d at 416. However, Defendant is not disputing that the offenses charged and referred to in the Indictment are separate and distinct. (Doc. 18 at 3).

3

rights: (1) the indictment may fail to provide the defendant with proper notice of the charges against him; (2) duplicity compromises the unanimity of a verdict, as jurors may find the defendant guilty of one count without reaching a unanimous decision as to the particular offense committed; and (3) uncertainty as to the charges may impede a defendant's ability to plead an acquittal or conviction in bar of future prosecutions for the same offense. *United States v. Kakos*, 483 F.3d 441, 443-44 (6th Cir. 2007).

In the instant case, Count 14 is not duplicitous, because it charges only one wire fraud offense. (Doc. 3 at ¶¶ 12-14). To prove wire fraud, the Government must show that the Defendant: (1) devised a scheme or artifice to defraud; (2) transmitted interstate wire communications in furtherance of the scheme; and (3) intended to deprive a victim of money or property. *United States v. Daniel*, 329 F.3d 480, 485 (6th Cir. 2003). Therefore, the existence of a "scheme or artifice" is essential to the wire fraud charge, and the Government is therefore required to include facts regarding the scheme in the Indictment. *See* Fed. R. Crim. P. 7(c)(1) ("The indictment or information must be a plain, concise, and definite written statement of the essential facts constituting the offense charged").

Contrary to the Defendant's assertion, Count 14's incorporation of paragraph nine does not cause "at least 95 instances of fraud" to join the substantive count. (Doc. 18 at 3). Instead, paragraph nine is a statement regarding the general "scheme" underlying the one wire fraud offense charged, as required by Rule 7(c)(1). In addition, Count 14 specifically references <u>one</u> tax return, which was electronically filed on or about February 7, 2011 "in the name of taxpayer M.M. in Cincinnati, Ohio," further evidencing the

4

Government's position that only one wire fraud offense is being charged. (Doc. 3 at ¶ 13); *see United States v. Robinson*, 651 F.2d 1188, 1194-95 (6th Cir. 1981) (holding that incorporation of a conspiracy count by reference in subsequent counts of wire and mail fraud did not render either duplicitous where indictment identified the one specific incident upon which each fraud count was based).

Furthermore, even if the incorporation of paragraph nine did render Count 14 duplicitous, this would not necessarily be fatal to the Indictment. *Robinson*, 651 F.2d at 1195. A duplicitous indictment can be remedied if the defendant moves "to require the government to 'elect either the count or the charge within the count upon which it will rely,' or the court may 'particulariz[e] the distinct offense charged in each count' in its jury instruction." *United States v. Shumpert Hood*, 210 F.3d 660, 663 (6th Cir. 2000) (quoting *Robinson*, 651 F.2d at 1194).

The incorporation of paragraph nine does not render the Indictment duplicitous. Furthermore, the Court retains the ability to remedy any confusion that may result from the charging language. Therefore, dismissal is not appropriate.

**B. Double Jeopardy**

Defendant argues that the Indictment raises two distinct Double Jeopardy issues. (Doc. 18 at 4-5). <u>First</u>, Defendant states that the duplicitous indictment may impede her ability to plead acquittal or conviction in bar of *future* prosecutions for the same offenses. (*Id.* at 4). <u>Second</u>, Defendant argues that the Indictment *presently* implicates Double Jeopardy by "charging [] the same conduct (i.e., the 95 false returns) in multiple counts … under the same exact statute (18 U.S.C. § 287)." (*Id.* at 4).

5

As to Defendant's first concern, the Court has already determined that the counts are not duplicitous. The Indictment identifies the specific offense that serves as the basis for each count, thereby eliminating any uncertainty as to the underlying conduct charged. (Doc. 3 at ¶ 11). Accordingly, there is no ambiguity that might impede Defendant's ability to plead acquittal or conviction to bar future prosecution for the same offense. (*Id.* at ¶¶ 13-14).

The Defendant's second concern is also misplaced. As previously stated, the fraudulent claims counts do not incorporate the ninety-five false tax returns referenced in paragraph nine. (Doc. 3 at ¶ 10). Counts 1-13 incorporate only paragraphs one to <u>eight</u>. (*Id.*) Furthermore, Counts 1-13 are based upon thirteen distinct fraudulent transactions, which are specifically identified in paragraph eleven of the Indictment. (*Id.* at ¶ 11).

The Indictment is unambiguous as to the offenses charged and, therefore, does not raise concerns of Double Jeopardy in the instant case or in any future prosecution.

**C. Venue**

In a separately filed motion, the Defendant also moves for dismissal of the Indictment based on improper venue. (Doc. 19). Defendant argues that the Indictment charges her with preparing and electronically filing fraudulent tax returns from her home in Kansas City, Missouri. (*Id*. at 2). Defendant further asserts that, although the Government alleges tax returns were prepared for "Cincinnati residents," there is "no indication in the indictment that the government has actually charged counts related to 'Cincinnati residents.'" (*Id*. at 3). Accordingly, Defendant argues that venue is improper in the Southern District of Ohio.

Proper venue is of the utmost importance in criminal proceedings. *United States v. Cabrales*, 524 U.S. 1, 6 (1998) ("The Constitution twice safeguards the defendant's venue right" under Article III and the Sixth Amendment). A defendant has the right to be tried in the location where the offense was committed. *See* U.S. Const. art. III, § 2, cl. 3 ("Trial of all Crimes … shall be held in the State where the said Crimes shall have been committed"); U.S. Const. amend. VI ("In all criminal prosecutions, the accused shall enjoy the right to a speedy and public trial, by an impartial jury of the State and district wherein the crime shall have been committed"); Fed. R. Crim. P. 18 ("the government must prosecute an offense in a district where the offense was committed").

As a general rule, "the *locus delicti* [place of the charged offense] must be determined from the nature of the crime alleged and the location of the act or acts constituting it." *Cabrales*, 524 U.S. at 6-7; *United States v. Rodriguez-Moreno*, 526 U.S. 275, 279 (1999) ("[A] court must initially identify the conduct constituting the offense (the nature of the crime) and then discern the location of the commission of the criminal acts"). Criminal acts that "consist of distinct parts which have different localities" are considered "continuing offenses," and "the whole [crime] may be tried where any part can be proved to have been done." *Rodriguez-Moreno*, 526 U.S. at 281 (citing *United States v. Lombardo*, 241 U.S. 73, 77 (1916)); *see also United States v. Davis*, 531 Fed.Appx. 601, 605 (6th Cir. 2013) ("venue is proper in all locations in which the acts constituting a particular crime took place"). Absent an express venue provision in the criminal statute, 18 U.S.C. § 3237 is applicable to determine proper venue for "continuing offenses." *United States v. Zidell*, 323 F.3d 412, 422 (6th Cir. 2003).

Section 3237(a) provides that "any offense against the United States begun in one district and completed in another, or committed in more than one district, may be inquired of and prosecuted in <u>any district</u> in which such offense was <u>begun, continued, or completed</u>."

### 1. *False, Fictitious, or Fraudulent Claims (18 U.S.C. § 287)*

The false claims statute provides that "[w]hoever <u>makes or presents</u> … to any [United States] department or agency … any claim upon or against the United States, or any department or agency thereof, knowing such claim to be false, fictitious, or fraudulent," is in violation of 18 U.S.C. § 287 (emphasis supplied). Under § 287, if a false claim is *made* in one district and *presented* in another, venue is proper in either location. *See, e.g., United States v. Salinas*, 373 F.3d 161, 166 (1st Cir. 2004) ("when a statute criminalizes the making and presentment of false claims or statements, venue is proper either where the proffer is made or where it is received"); *United States v. Curtiss*, 407 Fed.Appx. 663, 667 (4th Cir. 2011) ("[under 18 U.S.C. § 287] venue is proper in any district in which the claims were made, prepared, or presented to the government"); *see also United States v. Leahy*, 82 F.3d 624, 633 (5th Cir. 1996). In addition, § 287 does not require presentment of a false claim to be made directly to the government. *United States v. Hebeka*, 89 F.3d 279, 282 (6th Cir. 1996). Where presentment is made to an intermediary, who subsequently presents the claim to the government, venue is proper in any district in which the false claim "passed through." *Id.*[3]

---

[3] *See also United States v. Blecker*, 657 F.2d 629, 633 (4th Cir. 1981) (under the "passing through" theory, "venue is proper in either the district in which the false claim is submitted to the intermediary or the district in which the intermediary transmits the false claim to the agency" (citing *United States v. Candella*, 487 F.2d 1223, 1227-28 (2d Cir. 1973)).

8

In the instant case, venue is proper with regard to the false claims charges. The Government asserts that the false tax returns at issue in Counts 1-13 were all filed in Cincinnati, Ohio, through Cincinnati tax preparers, on behalf of Cincinnati residents.[4] (Doc. 20 at 4). The Government further claims that the Cincinnati tax preparers were in possession of the false tax documents that were allegedly prepared by the Defendant, many of which bore her fingerprint. (*Id.*) As the Indictment alleges that the offense was committed within the Southern District of Ohio, and because the Government is prepared to meet its burden of proof regarding proper venue at trial, dismissal of the false claims counts is not warranted.

### 2. *Wire Fraud (18 U.S.C. § 1343)*

The crime of wire fraud requires proof that the Defendant: (1) devised a scheme or artifice to defraud; (2) transmitted interstate wire communications in furtherance of the scheme; and (3) intended to deprive a victim of money or property. *Daniel*, 329 F.3d at 485. Wire fraud is considered a "continuing offense," and is, therefore, subject to the venue provision of 18 U.S.C. § 3237(a), which states that venue is proper "in any district in which [the] offense was begun, continued, or completed." *See United States v. Grenoble*, 413 F.3d 569, 574 (6th Cir. 2005). Therefore, wire fraud may appropriately be

---

[4] With regard to Counts 1-13, the Indictment includes a general statement that the criminal conduct took place in the Southern District of Ohio. (Doc. 3 at ¶ 11). The precise location of the thirteen offenses is made for the first time in the Government's memorandum in opposition. (Doc. 20 at 4). This, however, does not warrant dismissal, as proof of venue does not need to be alleged in the indictment. *United States v. Votteller*, 544 F.2d 1355, 1361 (6th Cir. 1976). The Government bears the burden of proving, by a preponderance of the evidence, that venue is proper at trial. *United States v. Grenoble*, 413 F.3d 569, 573 (6th Cir. 2005). In addition, the Government states that the filing location of the thirteen tax returns is evident from the documents, which were provided to the Defendant in discovery. (Doc. 20 at 4).

charged within any district where the wire transmission originated, passed through, or ended, in furtherance of the scheme to defraud. *See id.* at 573-74 (holding that venue was proper within the Northern District of Ohio based on evidence presented at trial that faxes sent into the Northern District of Ohio induced victims to deposit money into Ohio bank accounts that defendant later acquired); *United States v. Goldberg*, 830 F.2d 459, 465 (3rd Cir. 1987) (holding venue is proper for wire fraud charges in the Eastern District of Pennsylvania where wire transfer of funds sent from New York to Delaware <u>passed through</u> the Federal Reserve Bank in Philadelphia).

Count 14 alleges that Defendant electronically filed a false tax return on behalf of a Cincinnati, Ohio resident as part of a scheme devised to fraudulently obtain tax refunds. (Doc. 3 at ¶ 13). The Government alleges that Defendant instructed the Internal Revenue Service to electronically deposit the fraudulent refunds onto two debit cards, one of which was registered and used in the Southern District of Ohio. (*Id.* at ¶¶ 13-14; Doc. 20 at 5). The Government's allegations that a wire transmission in furtherance of Defendant's alleged scheme to defraud "w[ere] begun, continued, or completed" within the Southern District of Ohio are sufficient for the Indictment. (Doc. 3 at ¶¶ 12-14). Accordingly, dismissal of the wire fraud count based on improper venue is not warranted.

### III. CONCLUSION

Based upon the foregoing, Defendant's motions to dismiss (Docs. 18, 19) are hereby **DENIED.**

**IT IS SO ORDERED**.

Date: 5/22/14					*s/ Timothy S. Black*
							Timothy S. Black
							United States District Judge